**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Carzell Benton,<br><br>                      Debtor. | <u>FOR PUBLICATION</u><br><br>Chapter 7<br><br>Case No. 24-11383 (JPM) |

**MEMORANDUM OPINION & ORDER GRANTING**
**IN PART MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE**
<u>**ALTERNATIVE CONFIRMING THE ABSENCE OF AN AUTOMATIC STAY HEREIN**</u>

*A P P E A R A N C E S:*

**LAW OFFICE OF ROBERT NADEL**
*Counsel for Meghila LLC*
68 South Service Roads, Suite 100
Melville, New York 11747
By:    Robert Nadel, Esq.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

**I.    INTRODUCTION**

Pending before the Court is Meghila LLC's (the "**Landlord**") *Motion for Relief from the Automatic Stay with Prejudice or in the Alternative Confirming the Absence of an Automatic Stay Herein* (the "**Motion**").  (Docket No. 15).[1]  Objections to the Motion were due by September 16, 2024, and none were received. The Court held a hearing on the Motion on September 23, 2024 (the "**Hearing**"), where the Debtor did not appear.[2]

The Court has reviewed and considered the Motion, the arguments of counsel at the Hearing, and all relevant material on the record.

**II.    BACKGROUND**

The Landlord is the owner of condominium unit PH3D, which is located at 1600 Broadway, New York, New York 10027 (the "**Property**").  (Motion at ¶ 1).  On May 9, 2020, the Landlord and Myriam Chalek ("**Chalek**") signed a lease pursuant to which the Debtor and Chalek (and together, with Debtor, the "**Occupants**") took possession of the Property.  (*Id.* at ¶ 2).  The Occupants have apparently never made a rent payment, and the Landlord commenced eviction proceedings.  (*Id.* at ¶¶ 4, 17).  On October 17, 2023, the Landlord obtained an Order and Judgment of Possession (the "**Eviction Judgment**"), entitling the Landlord to evict the Occupants, as well as entitling the Landlord to collect $198,863.63 in unpaid rent.  (*Id.* at ¶ 4; Ex. B).  Following the Eviction Judgment, the Occupants filed a series of bankruptcies to stay the eviction:

---

[1] Unless otherwise specified, references to "Docket No. __" are to filings entered on the docket in *In re Carzell Benton*, No. 24-11383 (JPM) (Bankr. S.D.N.Y. August 9, 2024).
[2] The Landlord filed an affidavit of service indicating that the Debtor was timely served on August 30, 2024, with the Motion and a notice for the Hearing.  (Docket No. 24).

2

1. Case 23-44193 (the "**First Case**"), filed jointly by the Debtor and Chalek in the Eastern District of New York on November 16, 2023.  The case was dismissed on January 3, 2024, for failure to file schedules.
2. Case 24-10066 (the "**Second Case**") filed by Chalek in the Southern District of New York on January 16, 2024.  The case was dismissed on March 28, 2024, for failure to file schedules.  At the time of dismissal, a motion to dismiss filed by the Chapter 7 Trustee for failure to appear at the 341 meeting and failure to file schedules was also pending.
3. Case 24-10593 (the "**Third Case**") filed by Chalek in the Southern District of New York on April 8, 2024.  This case is still pending, but there is a pending motion to dismiss filed by the Chapter 7 Trustee for repeated failure to appear at the 341 meeting and failure to cooperate with the Chapter 7 Trustee.
4. Case 24-10834 (the "**Fourth Case**") filed by the Debtor in the Southern District of New York on May 10, 2024.  The case was dismissed on August 1, 2024 for failure to file schedules.

(*Id.* at ¶¶ 6–9).

Additionally, prior to the Fourth Case being dismissed, Judge Garrity issued the *Memorandum Decision Resolving the Objection to the Debtor's 11 U.S.C. § 362(l)(1) Certification* (the "**Memorandum Opinion**").  (Fourth Case, Docket No. 28).

Finally, the instant case was filed on August 9, 2024. Along with the petition, the Debtor filed an *Official Form 101A Initial Statement About an Eviction Judgment Against You* (the "**Form 101A**"), indicating that: (i) the Landlord held the Eviction Judgment; (ii) the automatic stay would only go into effect as to the real property for 30 days; and (iii) the automatic stay could continue beyond 30 days upon curing the full default under the Lease.  (*See generally* Form 101A).

On August 21, 2024, the Court issued a *Notice of Compliance and Intent to Cure Pre-Petition Judgment of Possession Pursuant to 11 U.S.C. § 362(b)(22) and 362(l)* (the "**Notice of Intent to Cure**"), indicating that the Debtor had submitted to the clerk's office an $8,000 check, which the Debtor certified was the amount of rent that was going to come due in the first 30 days of the case.  (*See generally* Notice of Intent to Cure).  The Notice of Intent to Cure also informed

3

the Debtor that the Debtor must pay the entire delinquent amount to the Landlord as stated in the Eviction Judgment in order for the automatic stay to remain in effect beyond 30 days. (*Id.*)

By way of the Motion, the Landlord argues that: (i) the automatic stay should be terminated pursuant to Section 362(d)(1) for lack of adequate protection (*id.* at ¶¶ 13–19); (ii) the automatic stay should be terminated pursuant to Section 362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization (*id.* at ¶¶ 20–22); (iii) the Court should grant *in rem* (prospective) relief from the automatic stay because the instant case is part of a scheme to abuse the Bankruptcy Code (*id.* at ¶¶ 23–30); and (iv) in any event, the automatic is not currently in effect pursuant to Section 362(c) because the Debtor had two prior cases pending in the last year that were dismissed (*id.* at ¶¶ 31–36).

The Court will address these issues in turn.

## III. LEGAL STANDARDS AND DISCUSSION

### A. THE AUTOMATIC STAY IS NOT CURRENTLY IN EFFECT

#### 1. The Automatic Stay Is Not in Effect Pursuant to 11 U.S.C. § 362(c)(4)(A)(i)

Preliminarily, the Court notes that the automatic stay does not appear to currently be in effect. Pursuant to Section 362(c)(4)(A)(i) of the Bankruptcy Code, "if a . . . [bankruptcy] case is filed by . . . a debtor who is an individual under this title, and if [two] or more . . . [bankruptcy] cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case." *In re Thomas*, 639 B.R. 285, 290 (Bankr. S.D.N.Y. 2022); *see* 11 U.S.C. § 362(c)(4)(A)(i).

Here, the Debtor filed the First case on November 16, 2023, and the First Case was dismissed on January 3, 2024. (First Case, Docket No. 16). Additionally, the Debtor filed the Fourth Case on May 10, 2024, and the Fourth Case was dismissed on August 1, 2024. (Fourth

4

Case, Docket No. 31). The Debtor filed the instant case on August 9, 2024. (Docket No. 1). Accordingly, the Debtor had two prior cases pending within the preceding 1-year period that were dismissed.

Further, as this case was filed on August 9, 2024, more than 30 days have passed since the case was filed. (*See* Docket No. 1). While Section 362(c)(4)(B) of the Bankruptcy Code provides that a party in interest may file a motion in the first 30 days of a case requesting that the Court "order the stay to take effect in the case . . . if the party in interest demonstrates that the filing of the case is in good faith, . . ." no such motion has been filed here. *See* 11 U.S.C. § 362(c)(3)(B).

Accordingly, the automatic stay is not currently in effect pursuant to Section 362(c)(4)(A)(i) of the Bankruptcy Code. 11 U.S.C. § 362(c)(4)(A)(i); *see Thomas*, 639 B.R. at 290.

### 2. The Debtor Did Not Obtain the Protections of the Automatic Stay By Filing the Notice of Intent to Cure

Second, though not raised in the Motion, the Court notes that the Debtor filed the Notice of Intent to Cure, purportedly indicating that the Debtor seeks to extend the automatic stay to the Property notwithstanding the Eviction Judgment. (*See* Notice of Intent to Cure). However, as Judge Garrity explained in the Memorandum Opinion entered in the Fourth Bankruptcy, Section 362(b)(22) provides:

> [T]he commencement of a case under the Bankruptcy Code does not operate as a stay under section 362(a)(3) of: the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a <u>tenant under a lease or rental agreement</u> and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor. 11 U.S.C. § 362(b)(22).

5

(Memorandum Opinion at 8 (emphasis added)). Judge Garrity further stated that Section 362(l)(1)(A) provides a narrow exception to the application of Section 362(b)(22), whereby the Debtor can obtain the protections of the automatic stay despite a judgment for possession if the Debtor, *inter alia*, tenders payment sufficient to cure the default under the lease within 30 days of filing the bankruptcy. (*Id.* at 8–10).

However, as Judge Garrity noted:

> [T]he Debtor cannot comply with section 362(l)(1)(A) because he is not a tenant under the lease, and the [Eviction Judgment] did not arise from a monetary default by the Debtor. *See In re Griggsby*, 404 B.R. 83, 88–89 (Bankr. S.D.N.Y. 2009) (holding that section 362(l) does not apply where the judgment of possession is based on a non-monetary default).

(*Id.* at 11 (emphasis added)).[3]

For these same reasons, to the extent the Debtor believes that the Notice of Intent to Cure affords him the protections of the automatic stay as to the property, the Court disagrees.[4]

### B. CAUSE EXISTS TO LIFT THE AUTOMATIC STAY PROSPECTIVELY PURSUANT TO 11 U.S.C. § 362(D)(1) AND (D)(2)

Even if the automatic stay were in effect, the Court finds there is cause to lift the stay pursuant to Section 362(d) of the Bankruptcy Code.

#### 1. Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(1)

The Landlord first argues that the automatic stay should be lifted for cause pursuant to Section 362(d)(1) of the Bankruptcy Code. (Motion ¶¶ 13–19).

---

[3] Even if Section 362(l)(1)(A) were applicable here, the record does not indicate that the Debtor cured the full $198,863.63 provided for in the Eviction Judgment within the first 30 days of this case in order to maintain the continued protection of the automatic stay as required by Section 362(l)(2). *See* 11 U.S.C. § 362(l)(2) (stating that "[i]f, within the 30-day period after filing the bankruptcy petition, the debtor . . . complies with paragraph (1) and files with the court . . . a further certification under penalty of perjury that the debtor . . . has cured . . . the entire monetary default that gave rise to the judgment" the automatic stay will stay in effect as to the property).

[4] The Landlord has not adequately briefed the extent to which the Debtor may have an equitable interest in the Property under New York state law that might otherwise be protected by the automatic stay. Accordingly, this opinion should not be construed as stating that the automatic stay would otherwise be inapplicable to non-tenant debtors against whom a landlord holds an eviction judgment.

Section 362(d)(1) provides that relief from the automatic stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Although "cause" is not defined by the Bankruptcy Code, courts have held that a debtor's failure to pay rent constitutes "cause" to lift the automatic stay. *In re Tihi Rest. Corp.*, No. 22-11216 (JPM), 2023 WL 1768373, at *2 (Bankr. S.D.N.Y. Feb. 3, 2023) (noting that "the right to timely payment of rents constitutes an interest in property entitled to adequate protection," and that courts may lift the automatic stay for the failure to pay post-petition rent).

According to the Landlord, the Debtor has been in arrears since May 2020, and currently owes $415,000. (Motion at ¶ 17). The Debtor has not offered any evidence to dispute this assertion. Such lack of payment thus constitutes cause under Section 362(d)(1) of the Bankruptcy Code. *See In re O'Farrill*, 569 B.R. 586, 592 (Bankr. S.D.N.Y. 2017) (finding cause for stay relief under Section 362(d)(1) of the Bankruptcy Code because "the Debtor has consistently failed to make payments on the [c]onsolidated [n]ote, and has demonstrated no intention of making payments in the future").

2. **Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(2)**

The Landlord also requests stay relief pursuant to Section 362(d)(2) of the Bankruptcy Code. (Motion at ¶¶ 20–22). Section 362(d)(2) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay with respect to property of the estate if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2).

Here, the Court again finds that stay relief should be granted. First, the Court notes that the Property is a rental property, and that the Debtor is not a party to the lease. (*See* Motion at Ex. A). Accordingly, the Debtor has no equity in the Property.

7

Moreover, the Court finds that the Property is not necessary to an effective reorganization because the Debtor is in a Chapter 7 case and is therefore not seeking a reorganization. *See In re Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *4 (S.D.N.Y. Sept. 28, 2020) (citing *In re DBSD N. Am., Inc.*, 634 F.3d 79, 98 (2d Cir. 2010)) (noting that "because [the Debtor] is seeking Chapter 7 bankruptcy, he seeks liquidation of his estate, not reorganization").

Accordingly, the Court finds that cause also exists to lift the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

### 3. IN REM RELIEF MAY NOT BE AVAILABLE TO UNSECURED CREDITORS

Finally, the Landlord requests that the Court grant *in rem* relief, so that the automatic stay will not come into effect as to the Property for a period of 18 months if the Debtor again files bankruptcy. (Motion at ¶¶ 31–36). The Court notes that the Landlord raised this argument in the context of Section 105(a) of the Bankruptcy Code, arguing that Section 105(a) empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions without the intention of completing or without having the ability to complete the bankruptcy process in good faith." (*Id.* at ¶ 27 (citing *In re Feldman*, 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004)).

The Court agrees with the Landlord that the Debtor's conduct does not appear to evince an intent to complete the bankruptcy process in good faith. First, the Court notes that the First Case, Fourth Case, and the instant case all directly involved the Debtor. In both the First Case and the Fourth Case, such cases were dismissed without the Debtor filing any schedules. While the Debtor did file schedules in the instant case, the Court notes that the Schedules were due on August 23, 2024, but were not filed until August 30, 2024. (Docket Nos. 1, 16–23). Indeed,

many of the schedules still appear to be incomplete. (Docket No. 18–19 (where the Debtor does not identify the Landlord as either a secured or unsecured creditor)).

Additionally, the Debtor does not appear to be taking his bankruptcy obligations seriously, as he has repeatedly failed to appear at 341 meetings, failed to timely pay the filing fee for this bankruptcy case, and failed to appear at duly noticed hearings, including the Hearing on the instant Motion. (Docket No. 10 (noting that first installment payment was due on September 9); Docket Nos. 25, 26 (seeking adjournment of the 341 meeting on the morning of the meeting for undisclosed medical reasons but giving conflicting information); Fourth Case Docket No. 23 (seeking adjournment of hearing for undisclosed medical reasons)).

Moreover, though the Debtor was himself not a Debtor in the Second Case or the Third Case, the Court notes that Chalek (the debtor in those cases) has filed nearly identical adjournment requests and failed to timely file schedules, while apparently attempting to obtain a stay on the Eviction Judgment regarding the same Property. (Second Case Docket No. 28 (motion to dismiss brought by Chapter 7 Trustee for failure to attend 341 meeting); Second Case at Docket No. 29 (dismissing case for failure to file schedules); Third Case at Docket Nos. 40, 48, 49 (requesting last minute adjournments of hearings for undisclosed medical reasons, including two letters that are nearly identical to the adjournment requests filed in the instant case); Third Case at Docket No. 43 (Trustee motion to dismiss for failure to appear at multiple 341 meetings)). It thus appears as though the Debtor and Chalek are working together to delay and hinder creditors' collection activities through multiple bankruptcy filings without an honest intent to reorganize.

However, the Court notes that it is unclear whether in *rem relief* is available to unsecured creditors, and the issue has not been fully briefed in this case. Congress codified bankruptcy

9

courts' equitable powers to grant prospective relief from the automatic stay when it enacted BAPCPA in 2005, but specifically limited such relief to secured creditors. *See* 11 U.S.C. § 362(d)(4)(B). As set forth above, the Landlord argues, instead, that Section 105(a) allows the Court to grant *in rem* relief in this matter. (Motion at ¶ 25). Section 105(a) of the Bankruptcy code provides that bankruptcy courts may issue any "order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). However, "[Section] 105(a) alone cannot justify [actions taken by bankruptcy courts] because it serves only to 'carry out' authorities expressly conferred elsewhere in the code." *Harrington v. Purdue Pharma L. P.*, 144 S. Ct. 2071, 2082 n.2 (2024) (internal citations and quotations omitted); *but see In re McCray*, 342 B.R. 668, 670 (Bankr. D.D.C. 2006) (stating that "Congress gave no indication in enacting [Section] 362(d)(4) that it intended to prevent bankruptcy courts from employing [Section 105(a)]" to grant *in rem* relief from the automatic stay)).

Given that the Court has already found that the automatic stay is not currently in effect (and may not apply at all), and because the issue of whether *in rem* relief is available to unsecured creditors has not been fully briefed, the Court declines to grant the Landlord *in rem* relief at this time.

IV.  **CONCLUSION**

For the foregoing reasons the Court finds that the automatic stay is not in effect as to the Property, and that even if it were in effect, cause exists to lift the automatic stay. In addition, the Court declines to grant *in rem* relief at this time for the reasons set forth herein.

**IT IS SO ORDERED.**

Dated: September 24, 2024
New York, New York

/S/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE